J-S36029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAI ROBERT BLAIR | : | |
| | : | |
| Appellant | : | No. 378 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 9, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000927-2023

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: February 25, 2026**

Appellant Kai Robert Blair appeals from the judgment of sentence imposed after he pled guilty to fleeing or attempting to elude a police officer, reckless driving, and driving while operating privileges were suspended.[1] Appellant's counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago*** brief.[2]   After review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

At the guilty plea hearing, Appellant agreed to the following factual basis:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3733(a), 3736(a), and 1453(b)(1)(i), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[O]n March 5th of 2023, [Appellant] operate[d] a motor vehicle on a public highway, specifically Smedley Street, Gramville Street, State Route 426, South Washington Street, and other roads in the area of North East in Erie County[.  Appellant] willfully fail[ed] to bring [his] vehicle to a stop or fled or attempted to flee a pursuing vehicle.

* * *

[On that same date, Appellant drove his] vehicle [with] willful or wonton disregard for the safety of persons or property. [Appellant] engage[d] in a high[-]speed chase and failed to stop in that same location.  [Additionally, Appellant drove his] motor vehicle on a highway or traffic way of the Commonwealth when [his] operating privileges were suspended or revoked[.]

N.T. Plea Hr'g, 9/25/24, at 15-17 (some formatting altered).

On September 25, 2024, Appellant pled guilty to the above stated offenses.  On December 9, 2024, the trial court sentenced Appellant to concurrent sentences of eight to sixteen months' incarceration for fleeing or attempting to elude officers and sixty days' incarceration for driving while operating privileges were suspended.[3]  Appellant did not file a post-sentence motion.

On January 13, 2025, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA).[4]  The trial court granted Appellant's PCRA petition on January 28, 2025, reinstating Appellant's post-sentence and appellate rights *nunc pro tunc*.  The trial court also appointed Counsel, Tina M. Fryling, Esq., to represent Appellant for the reinstated appeal and ordered

_____

[3] The trial court sentenced Appellant to no further penalty for reckless driving. **See** Sentencing Order, 12/9/24.

[4] 42 Pa.C.S. §§ 9541-9546.

Counsel to file a post-sentence motion within thirty days of the trial court's order.

On February 10, 2025, Counsel filed a post-sentence motion, which the trial court denied on March 3, 2025. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Counsel filed an **Anders**/**Santiago** brief with this Court. In the **Anders**/**Santiago** brief, Counsel concluded that there are no non-frivolous issues for our review. **See Anders**/**Santiago** Brief at 9. Additionally, Counsel noted a potential discretionary sentencing claim that Appellant wanted to raise on appeal, reviewed that claim, and ultimately concluded that there were no non-frivolous issues on appeal. **See id.** at 5-9.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that

- 3 -

the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, nonfrivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal. Counsel has filed a petition to withdraw, she has sent Appellant a letter explaining Appellant's appellate rights, she has informed

- 4 -

Appellant of his right to proceed *pro se* or with private counsel, and she has supplied Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel provided this Court with a copy of her letter to Appellant informing him of his rights.

Furthermore, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel has included a summary of the relevant facts and procedural history, refers to portions of the record that might arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, Counsel has met the technical requirements of **Anders** and **Santiago**. We now proceed to address the issues identified in the **Anders**/**Santiago** brief.

In the **Anders**/**Santiago** brief, Counsel identified a sentencing claim that Appellant directed her to raise on appeal. **See Anders**/**Santiago** Brief at 5-9. Specifically, Counsel states that Appellant desired to argue that the trial court's "sentence of incarceration at the county level in this case was manifestly excessive and clearly unreasonable [and t]he length of the sentence does not comport with [Appellant's] desire to live in the community and take care of his son." **See id.** at 5.

In reviewing this issue, Counsel concluded that:

At the time of sentencing, the trial court considered all of the evidence presented by the defense and the prosecution. [Appellant's] sentence was within the standard range.

\* \* \*

> At the time of [Appellant's] sentencing, the Commonwealth pointed out that [Appellant] exceeded 93 miles per hour while driving and attempted to flee the police at the time of his incident. The trial court, in justifying its sentences, stated that the fleeing was concerning due to the fact that people could have been killed. The judge sentenced [Appellant] to a county sentence instead of a longer state prison sentence. Further, [Appellant] was also being sentenced to other charges at the time of this sentence.

*Anders/Santiago* Brief at 8 (citations omitted). After discussing this claim, Counsel concluded that there were no non-frivolous issues for this Court's review. *See id.* at 9.

Based upon our independent review of the record, we agree with Counsel's determination that a sentencing claim would be frivolous. We discern no viable challenge to the legality of Appellant's sentence. Appellant was sentenced within the statutory limits for each offense, there were no mandatory minimum sentences applicable to Appellant's convictions, and, because Appellant posted bail in this case, there was no pre-trial detention in this case for which the trial court could give him credit for time served.

As to any possible challenges to the discretionary aspects of Appellant's sentence, as this Court has explained, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence," even in the *Anders/Santiago* context. *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). Before reaching the merits of such claims we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of

sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted and some formatting altered).

Here, Appellant filed a timely notice of appeal and filed a post-sentence motion challenging his sentence after the court reinstated his post-sentence motion and appellate rights *nunc pro tunc*. **See** Notice of Appeal, 3/26/25; Post-Sentence Mot., 2/10/25. Additionally, Counsel's **Anders**/**Santiago** brief contains a Rule 2119(f) statement, which states that a substantial question has been raised because Appellant's sentence was "manifestly excessive in that it was not individualized" and that "42 Pa.C.S. § 9781, which requires that a sentence not be clearly unreasonable," was violated. **See Anders**/**Santiago** Brief at 3-5. Such an argument raises a substantial question for our review. **See Commonwealth v. Simmons**, 56 A.3d 1280, 1286 (Pa. Super. 2012) (determining that a defendant's claim raised a substantial question for our review where he argued that his sentence was manifestly excessive because the sentencing court failed to provide an individualized sentence).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public,

- 8 -

[the] gravity of [the] offense in relation to [the] impact on [the] victim and community, and [the] rehabilitative needs of the defendant." **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." **Fullin**, 892 A.2d at 847 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

The balancing of sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. **See Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court "cannot reweigh

sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, the trial court addressed Appellant's sentencing claim as follows:

At the time of sentencing, this court took into account all relevant factors:

THE COURT: Well, the court has considered the statements of defense counsel, [Appellant], the attorney for the Commonwealth as well as [Appellant's] age, background, criminal record, character, rehabilitative needs, nature, circumstances and seriousness of the offense, protection of the community, sentencing guidelines, impact of the crime on the victim, and the presentence report, and obviously this is a disturbing turn of events. It's a quite extensive crime spree in a short period of time to wind up with this many charges that quickly, so what we'll do is we'll address them individually.

[N.T. Sentencing Hr'g, 12/9/24, at 6]

Furthermore, the transcript of the sentencing hearing sets forth that the court was aware that Appellant has a child. . . . Moreover, Appellant was sentenced in the standard range. For the forgoing reasons, Appellant's appeal is meritless and should be dismissed.

Trial Ct. Op., 4/25/25, at 2 (some formatting altered).

After review, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253-54. As to Appellant's argument that the trial court failed to craft an individualized sentence, the trial court explicitly stated that it reviewed the PSI. *See* N.T. Sentencing Hr'g, 12/9/24, at 6; Trial Ct. Op., 4/25/25, at 2. Where the trial court reviewed the PSI report, we presume the trial court was aware of the mitigating factors and considered them when

imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Further, while Appellant sought to argue that "[t]he length of the sentence does not comport with [Appellant's] desire to live in the community and take care of his son," *see Anders/Santiago* Brief at 5, defense counsel referenced that Appellant had recently become a father at sentencing and the trial court noted that it was made aware of Appellant's child during the hearing. *See* N.T. Sentencing Hr'g, 12/9/24, at 4; Trial Ct. Op., 4/25/25, at 2. Additionally, as the trial court noted, Appellant received a standard guideline sentence. *See Moury*, 992 A.2d at 171 (stating that a standard guideline range sentence is not excessive or unreasonable where a PSI was reviewed, absent additional argument (citation omitted)).

The record also confirms that the trial court considered all required factors under the Sentencing Code. *See* N.T. Sentencing Hr'g, 12/9/24, at 6; Trial Ct. Op., 4/25/25, at 2; *see also Raven*, 97 A.3d at 1253-54; *Fullin*, 892 A.2d at 847. This Court will not re-weigh the trial court's considerations of sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that an appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors). Accordingly, we agree with Counsel's determination that there are no non-frivolous challenges to Appellant's sentence.

Finally, our independent review of the record does not reveal any additional non-frivolous issues on direct appeal. *See Flowers*, 113 A.3d at

1250; **see also Goodwin**, 928 A.2d at 291. For these reasons, we grant Counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/25/2026